## Case No. 15,035.
UNITED STATES v. EIGHT HUNDRED BARRELS OF SPIRITS.
[10 Int. Rev. Rec. 126.]
District Court, D. Missouri. 1869.
INTERNAL REVENUE — WHISKEY — FORFEITURE—FAILURE TO PAY TAX—RECTIFIER—BOOKS.

About a year ago there arrived at this port, first the steamer W. R. Arthur, then the Great Republic, then the Frank Pargoud, each of which steamers were loaded to the guards with New Orleans spirits, all of which was seized as contraband. The first seizure was instituted at the request of the district attorney. The other seizures followed in rapid succession for several days, until some eight hundred barrels had been gobbled. The claimants of the first lots were C. S. Mattison & Co., a firm composed of a son of Ex-Gov. Mattison of Illinois, and R. E. Goodell, son-in-law of the same distinguished capitalist. Another lot was claimed by J. S. Clark, of New Orleans, with whom Thos. E. Maurice was interested. Another lot was claimed by Thomas H. Walker, son of a prominent distiller and whiskey dealer of New Orleans.

Gen. Noble, the district attorney, went to New Orleans in January and February to take evidence in these cases, and was prepared at the present term of the court to try all of them, but most of the claimants had their cases continued. Walker had the audacity to bring the issue before a jury, and the case has been tried.

The evidence on the part of the United States was that of an official of New Orleans, Ben Jacobs, who showed that the rectifier of the whiskey had his establishment in the same building with the distillery known as "Walker's Distillery," and run in the name of L. C. Clark, and that he had observed various matters of suspicion, which indicated a connection between the two establishments.

The evidence for the defence, which was highly favorable for the government, showed that Mr. Hart, rectifier, was a party connected with the Walkers, and had had money advanced to him by the elder Walker; that he had kept his books in a very unsatisfactory manner; lost sheets of paper which, in his testimony, he endeavored to show had been torn up by his servants. It further appeared that Clark, the distiller, had shipped the same high wines by Hart to St. Louis for the benefit of the younger Walker; that Walker had accompanied them in the Great Republic; that at the same time the Great Republic brought up some 300 other barrels of spirits, and it was these spirits, or some of them, which had some connection with the murder committed on the Great Republic on the morning of her arrival here, and of which the captain, W. B. Donaldson, was accused, and is to be tried shortly in the criminal court. Thomas H. Walker testified that he was a law student, having studied law for three years, and had left his father's planta-

tion in the South with this spiritual endowment from the old man, and with the object "to travel and speculate as a traveler." He further testified that after the seizure his hopes had been blighted. There was no proof that the tax had been paid, and as this burden was upon the claimant, the court instructed the jury that it was his duty to satisfy them fully upon this point.

It was further clearly shown that Mr. Hart, the rectifier, had not kept the book required by section 6 of the revenue law, and therefore the spirits were also forfeited. It was also shown that the rectifying-house of Hunt was in the distillery of Walker, though in the name of Clark; that Walker had advanced money to Hart; that Clark had shipped the spirits for Hart to Walker the younger, and that the younger Walker had come up on the boat with the spirits, and that an old and close intimacy existed between the parties, and that they were bringing spirits from a market where they were at least as high as at St. Louis, paying extra expenses, etc., and at the same time there were whole steamboat loads coming from the same place, etc.

The jury retired, and after a short absense, returned with a verdict for the United States on the first, second, third, fourth, fifth, sixth, tenth and eleventh articles in the information, either one of which was sufficient to forfeit the spirits. They found the seventh, eighth and ninth articles untrue.